UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH CANNISTRA,

    Plaintiff,

v.                                                                Case No.: 8:26-cv-398-TPB-CPT

HILLSBOROUGH COUNTY, a political
subdivision of the State of Florida; and
HILLSBOROUGH COUNTY CODE
ENFORCEMENT BOARD,

    Defendants.

FEB 11 2026 PM3:59
FILED - USDC - FLMD - TPA

_____

## COMPLAINT
### (42 U.S.C. § 1983 – Constitutional Violations)

Plaintiff, JOSEPH CANNISTRA ("Plaintiff"), sues Defendants HILLSBOROUGH COUNTY and the HILLSBOROUGH COUNTY CODE ENFORCEMENT BOARD (collectively, "Defendants"), and alleges:

### I.  INTRODUCTION

1.  This is a civil-rights action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against the imposition and enforcement of grossly disproportionate and excessive fines—totaling $3,878,525.00—arising from alleged code violations on Plaintiff's property.

2.  Defendants' actions violate the Eighth Amendment's Excessive Fines Clause and the Fourteenth Amendment's Due Process Clause.

3.  Plaintiff seeks emergency and permanent relief to prevent the continued enforcement of unconstitutional fines that prohibit him from selling his property and obtaining urgently needed medical care for his disabled wife.


TPA# 737767
$405

## II.  JURISDICTION AND VENUE

4.   This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

5.   Supplemental jurisdiction exists under 28 U.S.C. § 1367 to the extent any state-law issues are implicated.

6.   Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1)–(2) because the real property and all relevant events occurred in Hillsborough County, Florida.

## III.  PARTIES

7.   Plaintiff JOSEPH CANNISTRA is a 76-year-old resident of Hillsborough County, Florida. He owns the real property at issue in this case.

8.   Defendant HILLSBOROUGH COUNTY is a political subdivision of the State of Florida and is a "person" subject to suit under 42 U.S.C. § 1983.

9.   Defendant HILLSBOROUGH COUNTY CODE ENFORCEMENT BOARD is an administrative enforcement body of the County that imposes and enforces code violation fines.

## IV.  FACTUAL ALLEGATIONS

10.   Plaintiff is the owner of a certain parcel of real property commonly known as 812 East Orange Avenue, Tampa, Florida 33613 (the "Sbject Property"), and with a legal description as follows:

Lots 69 and 70, NEBRASKA AVENUE TERRACE, according to the plat thereof, as recorded in Plat Book 18, Page 17, of the Public Records of Hillsborough County, Florida.

11.    Defendants have imposed daily accruing fines against Plaintiff's property for alleged zoning and land-use violations.

12.    These fines have accumulated to $3,878,525.00, an amount that is grossly disproportionate to the nature of the alleged violations.

13.    Plaintiff has since corrected the alleged violations, yet Defendants continue to maintain and enforce the fines.

14.    Plaintiff has a contract for the sale of the Subject Property, however, due to the excessive amount of the fines and liens imposed by Defendants' enforcement actions, Plaintiff has been prevented from selling the subject property, which is his only available means to obtain funds for urgent medical treatment for his wife, who suffers from Ehlers-Danlos Syndrome and requires time-sensitive care.

15.    Plaintiff's wife faces severe and potentially life-threatening consequences if treatment is delayed.

16.    Defendants have not provided Plaintiff with adequate notice, a meaningful opportunity to be heard, or a constitutionally sufficient process before imposing or enforcing these fines.

17.    The fines and enforcement actions constitute an ongoing deprivation of Plaintiff's constitutional rights.

**Count I – Violation of the Eighth Amendment**
(Excessive Fines – 42 U.S.C. § 1983)

18.    Plaintiff incorporates paragraphs 1 through 17 above as if fully re-written herein.

19.    The Excessive Fines Clause prohibits fines that are grossly disproportionate to the gravity of the offense. *United States v. Bajakajian*, 524 U.S. 321 (1998).

20.    Fines totaling $3,878,525.00 for code violations—especially after the violations have been corrected—are grossly disproportionate and unconstitutional.

21.    Defendants' continued enforcement of these fines violates the Eighth Amendment.

**Wherefore**, Plaintiff respectfully requests that this Court enter Judgment on Count I of this Complaint for the Plaintiff and against the Defendant finding that the fines imposed by the Defendants are excessive, and unenforceable, and for any other relief in law or equity as justice may require.

**Count II – Violation of the Fourteenth Amendment**
(Due Process – 42 U.S.C. § 1983)

22.    Plaintiff incorporates paragraphs 1 through 17 above as if fully re-written herein.

23.    Defendants deprived Plaintiff of property interests without adequate notice, a meaningful hearing, or constitutionally sufficient procedures, in violation of *Mathews v. Eldridge*, 424 U.S. 319 (1976).

24.    Defendants imposed the fines without giving Plaintiff adequate notice or constitutionally sufficient procedures to challenge the alleged violations.

    a.    No personal service has ever been effectuated on the Plaintiff with regard to the alleged violations.

    b.    However, Defendants are seeking to enforce fines and penalties for in excess of four (4) violations.

25.    Defendants' actions constitute an ongoing violation of Plaintiff's due-process rights.

26.    Defendants' actions were taken pursuant to official County policy, custom, or practice of imposing and enforcing excessive code-enforcement fines without adequate procedural safeguards.

27.  The Code Enforcement Board acts as a final policymaker for the County in imposing and enforcing such fines.

28.  Defendants are therefore liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

**Wherefore**, Plaintiff respectfully requests that this Court:

a.  Declare that Defendants' fines and enforcement actions violate the Eighth and Fourteenth Amendments;

b.  Issue a Temporary Restraining Order, Preliminary and Permanent Injunction restraining Defendants from enforcing or collecting the fines;

c.  Issue a permanent injunction prohibiting Defendants from enforcing the fines;

d.  Award reasonable attorney's fees and costs under 42 U.S.C. § 1988 (if applicable);

e.  Grant such other and further relief as the Court deems just and proper.

Dated: February 9, 2026                     Respectfully submitted,

JOSEPH CANNISTRA
1247 East College Street
Pulaski, Tennessee 38478
(813) 403-8587

joe7street@yahoo.com

Plaintiff, pro se