**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH CANNISTRA,

      Plaintiff,

v.                                                                Case No. 8:26-cv-398-TPB-CPT

HILLSBOROUGH COUNTY, and
HILLSBOROUGH COUNTY CODE
ENFORCEMENT BOARD,

      Defendants.

_____/

**ORDER DENYING PLAINTIFF'S "EMERGENCY MOTION FOR A**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION"**

This matter is before the Court on Plaintiff Joseph Cannistra's "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction," filed *pro se* on February 11, 2026.  (Doc. 2).  After reviewing the motion, court file, and the record, the Court finds as follows:

Plaintiff Joseph Cannistra brings this suit against Defendants Hillsborough County and Hillsborough County Code Enforcement Board for alleged violations of the Eighth and Fourteenth Amendments of the United States Constitution. According to the allegations in the complaint, Plaintiff owes Defendants fines totaling $3,878,525.00 for alleged zoning and land use violations at his property located at 812 East Orange Avenue, Tampa, Florida 33613 (the "subject property"). Plaintiff claims that the fines are disproportionate to the nature of the alleged zoning and land use violations and that he has corrected the alleged violations.

Nonetheless, Defendants continue to "maintain and enforce" the fines.  Plaintiff appears to assert an Eighth Amendment violation claim for excessive fines (Count I) and a Fourteenth Amendment violation claim for deprivation of property interests without due process (Count II).  Plaintiff moves for a temporary restraining order and a preliminary injunction, requesting the Court restrain Defendants from imposing, enforcing, or collecting fines against the subject property.

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances.  *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01.  A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

Plaintiff has failed to plead or demonstrate that irreparable injury is so imminent that a hearing on the motion is impractical.  His unsworn motion alleges generally that the fines and liens on the subject property prevent him from selling it, and that he needs the sale proceeds to pay for "time sensitive" medical treatment for his wife, who suffers from a variety of medical conditions.  But Plaintiff offers no specific facts supporting these assertions or showing that the situation constitutes an emergency.  Plaintiff also does not detail any efforts made to give notice of the TRO motion to Defendants, and he does not provide any legitimate reason why notice should not be required.  Absent a showing of an emergency, the Court is not

able to address Plaintiff's allegations without input from Defendants.  Additionally, because fines can be reversed, Plaintiff is unable to show irreparable injury necessary to prevail on his motion for temporary restraining order.

Because Plaintiff has failed to meet the high burden for the issuance of a TRO, Plaintiff's request for a temporary restraining order must be denied.  To the extent that Plaintiff wishes to seek a preliminary injunction, he must file a separate motion and serve Defendants with a copy of the complaint and motion for preliminary injunction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)    Plaintiff's "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction" (Doc. 2) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of February, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE