# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOSEPH CANNISTRA,

      Plaintiff,

v.                                                                                                  Case No. 8:26-cv-398-TPB-CPT

HILLSBOROUGH COUNTY, a political
subdivision of the State of Florida, et al.,

      Defendants.

_____/

## ORDER GRANTING IN PART "DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT"

This matter is before the Court on "Defendants' Motion to Dismiss Plaintiff's Complaint," filed by counsel on April 13, 2026. (Doc. 6). Plaintiff has failed to file a timely response, so the Court treats the motion as unopposed. *See* Local Rule 3.01(g). After review of the complaint, court file, and record, the Court finds as follows:

Plaintiff brings a § 1983 action against Defendants Hillsborough County and the Hillsborough County Code Enforcement Board challenging code enforcement fines – totaling approximately $3,878,525.00 – imposed on his property for alleged zoning and land-use violations.[1] Specifically, Plaintiff asserts that Defendant's actions violate the Eighth Amendment's excessive fines clause and the Fourteenth

---

[1] The Court acknowledges that the Hillsborough County Code Enforcement Board may not be a proper defendant in this action because it is an administrative arm of the county and is not a separate entity subject to suit. *See* § 162.02. In the interest of judicial economy, however, the Court declines to decide this issue at this time. This issue may be raised again if an amended complaint is filed, if appropriate.

Amendment's due process clause.   Among other things, Plaintiff seeks relief from continued enforcement and fines that prevent him from selling his property, which he wishes to do to obtain needed medical care for his disabled wife.

Defendants argue, among other things, that Plaintiff's claims are not ripe because the alleged facts do not establish that Plaintiff obtained a final, reviewable decision through Florida's prescribed code enforcement process.[2]   The federal ripeness doctrine requires a plaintiff challenging a local enforcement action to obtain a final, definitive position from the governmental authority before bringing a constitutional challenge to the local enforcement action.   *See Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 190-92 (1985), *overruled on other grounds by Knick v. Twp. of Scott*, 588 U.S. 180 (2019).   The finality requirement ensures that a court reviews an actual and concrete dispute rather than a premature or evolving enforcement posture.[3]   *See id.* at 192-94.

Plaintiff has not alleged that a final enforcement decision or order was entered.   He does not allege that he pursued any administrative remedies or certiorari review mechanisms under Florida law.   It appears, therefore, that he is asking the Court prematurely to intervene before any claims are ripe.[4]

---

[2] Defendants additionally argue other grounds for dismissal, including failure to state a claim.   The Court declines to consider these arguments at this time, but these arguments may be raised again, if appropriate, in the event an amended complaint is filed.

[3] The Court notes, however, that in many contexts – such as in the context of a regulatory taking claim – the finality requirement is relatively modest.   *See Pakdel v. City & Cty. of San Francisco*, 594 U.S. 474, 479 (2021).

[4] Under Florida law, code enforcement proceedings generally follow a defined process: notice and a hearing before a code enforcement board, entry of an order, and judicial review by petition for writ of certiorari in circuit court.   *See* §§162.06; 162.07; 162.11, *F.S.* Florida courts consistently hold that aggrieved parties must invoke and complete this

In an abundance of caution, the Court will allow Plaintiff to file an amended complaint.   But the Court wants to make it clear that without a final, reviewable decision, the Court is unable to evaluate and adjudicate this dispute, and the case will be dismissed.   If Plaintiff decides to file an amended complaint, he must attach documentation supporting his allegations – that is, any copies of enforcement orders or decisions against him.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED**, with leave to amend.

2. Plaintiff is directed to file an amended complaint on or before June 22, 2026. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 29th day of May, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

process prior to seeking judicial relief.   *See DJB Rentals, LLC v. City of Largo*, 373 So. 3d 405, 413 (Fla. 2d DCA 2023); *Cent. Fla. Invs., Inc. v. Orange Cty. Code Enf't Bd.*, 790 So. 2d 593, 596-97 (Fla. 5th DCA 2001).